## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TAMARA KENT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO: |
| ) | |
| INTERNATIONAL BROTHERHOOD ) | **JURY TRIAL DEMANDED** |
| OF ELECTRICAL WORKERS LOCAL 1; ) | |
| ST. LOUIS AREA ELECTRICIANS, ) | |
| JOINT APPRENTICESHIP & ) | |
| TRAINING COMMITTEE, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| SERVE: ) | |
| Donald J. Bresnan, Jr. ) | |
| President ) | |
| IBEW Local 1 ) | |
| 5850 Elizabeth Avenue ) | |
| Saint Louis, MO 63110 ) | |
| Telephone: (314)647-5900 ) | |
| ) | |
| Dennis Gralike, ) | |
| Director ) | |
| St. Louis Electrical Industry Training Center ) | |
| 2300 Hampton ) | |
| St. Louis, Missouri 63139 ) | |
| (314) 644-3587 ) | |

## ORIGINAL COMPLAINT

Plaintiff TAMARA KENT ("Plaintiff"), by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendants, International Brotherhood of Electrical Workers Local 1 ("IBEW Local 1") and St. Louis Area Electricians Joint Apprenticeship & Training Committee ("St. Louis EJATC") (collectively, "Defendants"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*; 42

1

U.S.C. § 1981 *et seq.*; the 1991 Civil Rights Act, as amended, 42 U.S.C. § 1981a *et seq.* ("Section 1981); and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendants for acts of racial discrimination, sexual harassment, a hostile work environment, and retaliation. Defendants' acts are in violation of Title VII, Section 1981, and any other cause(s) of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq.*, as amended, and (iii) 42 U.S.C. §§ 1981 *et seq.*, as amended.

3. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## PARTIES

4. Plaintiff is a person who has been aggrieved by Defendants' actions. She is and has been, at all relevant times, a resident of St. Louis City, and a Black citizen of the United States of America.

5. At all relevant times, Plaintiff was Defendants' employee and therefore covered by Title VII and Section 1981.

6. Defendant IBEW Local 1's office is located at 5850 Elizabeth Avenue, St. Louis, Missouri 63110. Upon information and belief, Defendant IBEW Local 1 employs more than one-hundred (100) persons.

7. During all relevant times, Defendant IBEW Local 1 has been an employer covered by Title VII and Section 1981.

8. Defendant IBEW Local 1 transacted and continues to transact business in Missouri by, among other things, employing persons at its office located within Missouri and within this judicial district.

9. Defendant St. Louis EJATC manages the training center where IBEW Local 1 electricians are required to obtain training. Upon information and belief, Defendant St. Louis EJATC is owned and operated by Defendant IBEW Local 1. Defendant St. Louis EJATC is located at 2300 Hampton, St. Louis, Missouri 63139. Upon information and belief, Defendant St. Louis EJATC employs more than fifteen (15) persons.

10. During all relevant times, Defendant St. Louis EJATC has been an employer covered by Title VII and Section 1981.

11. Defendant St. Louis EJATC transacted and continues to transact business in Missouri by, among other things, employing persons at its office located within Missouri and within this judicial district.

**EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES**

12. Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC").

13. Plaintiff received her Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint. On or around March 2, 2020, the EEOC mailed Plaintiff her Notice of Right to

Sue letter.

## STATEMENT OF FACTS

14. In or around August 2015, Plaintiff became an employee of Defendant IBEW Local 1 and enrolled in their full-time apprenticeship program managed by Defendant St. Louis EJATC, which is owned and operated by Defendant IBEW Local 1.

15. Throughout Plaintiff's employment, she was subjected to racial discrimination, sexual harassment, a hostile work environment, and retaliation.

16. For example, in or around Spring 2016, a noose was hung at a work site at Barnes-Jewish Hospital where Plaintiff was assigned to work by Defendant IBEW Local 1. Though Plaintiff reported it to the job site supervisor, no corrective action was taken.

17. In or around December 2016, a noose was hung in the classroom by a teacher in the apprenticeship program. Though Plaintiff reported this to Dennis Gralike, Director of St. Louis EJATC, no corrective action was taken and that teacher was not disciplined.

18. Additionally, even though Plaintiff had already received an associate's degree in electrical automation technology, which qualified her to be an outside journeyman wireman, she was required to complete additional training by Defendants. The White instructors at Defendant St. Louis EJATC subjected Plaintiff to discriminatory grading policies and often gave Plaintiff poorer mark than White apprentices for the same work product. White apprentices also received extra assistance from instructors and instructors even helped White apprentices complete their tests. Instructors did not provide this assistance to African-American apprentices.

19. Defendants also did not allow Plaintiff to take certain classes they offered and for which Plaintiff was qualified, although similarly situated White apprentices were permitted to take those classes.

4

20. In or around May 2017, Plaintiff submitted a letter to the Board of Defendant IBEW Local 1 about this racially discriminatory treatment.

21. In or around Summer 2017, Plaintiff's fellow apprentices learned that Plaintiff had submitted a letter reporting racial discrimination. These apprentices subjected Plaintiff to racially discriminatory remarks and told Plaintiff, "Muskrat Lives Matter," mocking the "Black Lives Matter" movement. Plaintiff also found a "rat" sticker on her car.

22. Plaintiff was also subjected to discrimination because of her sex. Plaintiff and other women were often placed alone in jobs which required a journeyman, while male employees received journeymen for these jobs.

23. In or around June or July 2016, Plaintiff was also subjected to sexual harassment from an IBEW Local 1 foreman, Jeff Oehlert, who sent her multiple unsolicited nude photographs and propositioned her for sex.

24. These acts of sexual harassment were severe or pervasive, affected a term or condition of Plaintiff's employment, and were objectively offensive and unwelcome.

25. In or around June 2017, Plaintiff was subjected to a retaliatory suspension for having a laptop in the classroom, even though other apprentices had laptops, tablets, and phones in the classroom.

26. In or around July 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

27. In or around December 2017, Plaintiff was subjected to a retaliatory termination. The only explanation given to Plaintiff was an unsubstantiated claim of "insubordination."

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
(Discrimination)**

28. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

29. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendants have engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment because of Plaintiff's race, color, and sex.

30. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
(Hostile Work Environment)**

31. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

32. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of her race, color, and sex.

33. Plaintiff's requests for relief are set forth below.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
(Retaliation)**

34. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

35. Plaintiff lodged complaints with Defendants regarding the discrimination and hostile work environment to which she was subjected, and as such, engaged in protected activity

under Title VII.

36. Defendants retaliated against Plaintiff by, among other things, subjecting her to unwarranted discipline and a retaliatory termination.

37. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

38. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*
### (Discrimination)

39. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*, as Defendants have engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment because of Plaintiff's race and color.

41. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*
### (Hostile Work Environment)

42. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

43. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of her race and color.

44. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*
### (Retaliation)

45.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

46.     Plaintiff lodged complaints with Defendants regarding the discrimination and hostile work environment to which she was subjected, and as such, engaged in protected activity under Section 1981.

47.     Defendants retaliated against Plaintiff by, among other things, subjecting her to unwarranted discipline and a retaliatory termination.

48.     The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*

49.     Plaintiff's requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 et seq.; the 1991 Civil Rights Act, as amended, 42 U.S.C. § 1981a et seq.; and Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e et seq.;

B. All damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits she would have received but for Defendants' discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendants'

       ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendants until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendants' employees;

I. Implicit bias training for all managers conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

K. Active monitoring of the work areas to ensure compliance with discrimination policies; and

L. Monitoring by the Court or a federal agency to ensure that Defendants comply with all injunctive relief.

    Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: June 2, 2020

Respectfully submitted,

*/s/ Jay D. Ellwanger*
_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas  78731
Telephone: (737) 808-2260
Facsimile:  (737) 808-2262

**COUNSEL FOR PLAINTIFF**

SEDEY HARPER WESTHOFF, P.C.
Attorneys for Plaintiff

*/s/ Donna L. Harper*
_____
Donna L. Harper, #26406
2711 Clifton Ave.
St. Louis, MO 63139
314-773-3566
314-773-3615 (fax)
dharper@sedeyharper.com