UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMARA KENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-cv-00717-SEP |
| | ) |
| INTERNATIONAL BROTHERHOOD ELECTRICAL WORKERS LOCAL 1, et al., | ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

    Before the Court is Defendants' Motion to Dismiss, Doc. [59], pursuant to the Court's December 8, 2021, Order, Doc. [57].  For the reasons set forth below, the Motion is granted.

    On December 8, 2021, the Court ordered Plaintiff Tamara Kent to produce to opposing counsel Defendants' requested tax returns no later than December 23, 2021.  In the Order, Ms. Kent was warned that, in light of her previous failures to respond to Defendants' counsel, failure to produce the requested tax returns on the prescribed timeline would result in dismissal of her case with prejudice and without further notice.  Doc. [57] at 1.  According to the affidavit of Loretta K. Haggard, one of Defendants' attorneys, Ms. Kent did not provide the requested tax returns on or before the deadline set by the Court.  Doc. [59-1] at 1.  Accordingly, Defendants filed this Motion to Dismiss this action with prejudice.  Doc. [59] at 1.

    Under Rule 41(b) of the Federal Rules of Civil Procedure, "a district court may dismiss a case [i]f the plaintiff fails to prosecute or to comply with these rules or a court order." *Williams v. Lombardi*, 2017 WL 2167296, at *2 (E.D. Mo. May 16, 2017) (cleaned up) (quoting Fed. R. Civ. P. 41(b)).  "Dismissal with prejudice is an extreme action that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hudson v. Kelley*, 2021 WL 86603, at *1 (E.D. Mo. Jan. 11, 2021) (citing *Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527 (8th Cir. 2000)).  The Court need not find that a litigant acted in bad faith, however, "but only that [the party] acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005)).

In this case, Ms. Kent has demonstrated an ongoing pattern of delay and disobedience of court orders that warrants the dismissal of her case under Rule 41(b). Since Ms. Kent began representing herself in this matter, she has repeatedly failed to prosecute her case, including failing to appear for a scheduled status conference on September 2, 2021, *see* Doc. [48], failing to cooperate with opposing counsel to submit a joint scheduling plan, *see* Doc. [52] at 1-2, and failing to respond to Defendants' discovery requests, *see* Doc. [59-1]. Despite Ms. Kent's manifest unwillingness to follow its orders, the Court has granted her many requests for extensions. The Court stayed proceedings in this matter for more than 100 days to allow Plaintiff to seek new counsel after withdrawal of her previous counsel. Doc. [50] at 3. During that time, the Court informed Plaintiff that she could appeal the Court's denial of her requests for the appointment of counsel or file new motions explaining why she is unable to represent herself in this action. *Id.* at 2-3. Plaintiff never appealed this Court's denials of appointment of counsel; nor did she make any effort to explain how her case might satisfy any of the factors that the Court repeatedly told her support appointment of counsel in a civil matter (e.g., factual or legal complexity or an indigent plaintiff's inability to investigate or present her own case). *Id*. 2-3 (citing *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013)); Doc. [47] at 1.

Since the stay was lifted on September 16, 2021, Doc. [50] at 4, the Court has repeatedly admonished Plaintiff that she must prosecute her case—in particular by responding to Defendants' counsel's communications in furtherance of the litigation—or she will face dismissal of her case. Plaintiff has consistently ignored those admonitions. In its September 16, 2021, Order, the Court warned Ms. Kent that she "must resume litigating her claims, beginning with responding to Defendants' discovery-related communications," and, more specifically, that failure to confer in good faith with counsel on a revised joint scheduling plan "may be grounds for dismissal under Federal Rule of Civil Procedure 41(b)." *Id.* at 3-4. Within three weeks of that order, Plaintiff ignored multiple attempts by Defendants' counsel to confer with her on a joint scheduling plan. Doc. [52] at 12. At an October 19, 2021, status conference, the Court again impressed upon Plaintiff that failure to respond to communications from Defendants' counsel would lead to dismissal of her case. Nevertheless, one month after that conference, Ms. Kent ignored repeated communications from Defendants' counsel regarding her tax returns. Doc. [56] at 2-3. Finally, in its December 8, 2021, Order, the Court clearly informed Plaintiff that failure to provide Defendants with the requested tax returns by December 23, 2021, "*will*

2

result in dismissal of this action with prejudice and without further notice." Doc. [57] at 1 (emphasis added). Once again, Ms. Kent chose to ignore this Court's clear instructions.

The Court finds that Ms. Kent has engaged in willful disobedience of this Court's orders and a pattern of intentional delay, which has unduly impeded Defendants' ability to defend this case. Therefore, Plaintiff's case is dismissed with prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. [59]) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice.**

**IT IS FINALLY ORDERED** that all other pending motions in this matter, Docs. [60], [61], are denied as moot.

A separate Judgment shall accompany this Memorandum and Order,

Dated this 4th day of January, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3